Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as it does not appear from the facts proved at the trial, that the slave Edwin had ever been delivered to or come to the possession of the intestate of the plaintiff in error or William J. Is-bell, after their contract of hiring, and as it furthermore distinctly appears, the said slave was in the possession of and employed about the business of the defendant in error, the other party to the contract of hiring, for the greater part of the year for which the slave was hired, the possession and enjoyment of the services of the slave by the defendant in error, so proved, and entirely unexplained, warrants the inference that the slave was never delivered to the hirers or either of them; and such failure to deliver the slave, and the use and enjoyment of his services by the defendant in error entitled the plaintiff in error to a credit by way of offset under the *179 special plea filed and issue joined thereon, for the sum agreed to be paid for the hire of said slave Edwin; it appearing that the bond sued upon was given in part for the hire of said Edwin: the Court being of opinion, that to the extent of the hire of said slave Edwin, the facts certified shew an entire failure of the consideration of the bond.
The Court is further of opinion, that upon the facts certified alone, the plaintiff in error would have been entitled to a credit by way of offset for the amount paid for medical services rendered to the slave Henry, but as it appears by the judgment that credit was given for the precise sum proved to have been paid by the plaintiff in error for such medical services, although it is not stated on what account such credit was entered on the judgment, the Court in support of the judgment would presume, in the absence of proof, that any other credit for money actually paid was claimed, that the credit so given by the judgment was for the bill for medical services, and would not reverse the judgment for that cause ; but as the cause must go back for a new trial, the whole case will be open, and it will be competent for the plaintiff in error to shew, if he can, that the credit entered upon the judgment was not for the bill paid for medical services rendered to said slave Henry.
But the Court being of opinion, for the reasons before assigned, that the facts as certified shew a failure of consideration as to a portion of the bond sued on, to the extent of which, the plaintiff in error under the issue joined, was entitled to a credit by way of offset, is of opinion that the Circuit Court erred in overruling the motion of the plaintiff in error to set aside the verdict and grant him a new trial. Therefore it is considered that the judgment be reversed with costs, the verdict set aside and new trial granted on the usual terms, and cause remanded.
Brooke, J. concurred in the results.